IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 1 4 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-02025-BNB

SOVEREIGN HUNTER LEE WEEKS,

    Plaintiff,

v.

LARIMER COUNTY DETENTION CENTER KITCHEN STAFF, and
LARIMER COUNTY DETENTION CENTER SUPERVISOR,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Hunter Lee Weeks, is an inmate at the Larimer County Detention Center in Fort Collins, Colorado. Mr. Weeks initiated this action by filing *pro se* a Complaint pursuant to 42 U.S.C. § 1983. On September 7, 2011, Mr. Weeks filed an amended complaint on the proper Prisoner Complaint form asserting three claims for relief pursuant to § 1983. The court must construe the amended complaint liberally because Mr. Weeks is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Weeks will be ordered to file a second amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the amended complaint and finds that the amended complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a pleading are to give the opposing

parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Weeks asserts three claims for relief regarding the conditions of his confinement at the Larimer County Detention Center. However, he fails to provide a short and plain statement of each of his claims showing that he is entitled to relief because he fails to identify clearly who he is asserting each claim against and he fails to allege specific facts that demonstrate personal participation in the asserted violations. It also does not appear that the Defendant identified as Larimer County Detention Center Kitchen Staff is a person subject to suit in a § 1983 action. Therefore, Mr. Weeks will be ordered to file a second amended complaint that provides a short and plain statement of each claim he is asserting if he wishes to pursue his claims in this action.

Mr. Weeks is advised that, in order to state a claim in federal court, he "must

explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Weeks also is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Mr. Weeks should name as Defendants in his second amended complaint only those persons that he contends actually violated his federal constitutional rights. With respect to the Defendant identified as Larimer County Detention Center Kitchen Staff, Mr. Weeks should name as Defendants either the individual members of the kitchen staff who allegedly have violated his rights or, if he is contending that his rights are being violated pursuant to the execution of a kitchen policy, the individual or individuals responsible for the kitchen policy that allegedly has resulted in a violation of his rights.

Because Mr. Weeks has named at least one supervisory official as a Defendant, the court also emphasizes that personal participation is an essential allegation in a civil

3

rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Weeks must show that each Defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). With respect to supervisory officials, a Defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*See Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949). Therefore, in order to succeed in a § 1983 suit against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199. Accordingly, it is

ORDERED that Mr. Weeks file, **within thirty (30) days from the date of this order**, a second amended Prisoner Complaint that complies with the pleading

4

requirements of Fed. R. Civ. P. 8(a) as discussed in this order. It is

FURTHER ORDERED that Mr. Weeks shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Weeks fails to file a second amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 14th day of September, 2011.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-02025-BNB

Hunter Lee Weeks
Prisoner No. 1429105
Larimer County Detention Facility
2405 Midpoint Dr
Ft Collins, CO 80525

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 14, 2011.

                                     GREGORY C. LANGHAM, CLERK

                              By: _____
                                        Deputy Clerk